IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00413-MR

| | |
|---|---|
| EDDRICCO L. BROWN-BEY,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF HEALTH AND HUMAN SERVICES ) <br> VITAL RECORS, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint [Doc. 1] and on the Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 5].

**I.     BACKGROUND**

The *pro se* Plaintiff is presently serving a sentence of more than 17 years on state habitual felon, larceny, and drug charges at the Bertie

---

[1] Also known as Eddricco Lishaun Brown.

Correctional Institution.[2]  On September 1, 2021,[3] the Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 1983 and 1985; the Universal Declaration of Human Rights; the United Nations Declaration of the Rights of Indigenous Peoples; the "Divine Constitution and By-Laws of Moorish America;" and unspecified admiralty law.  [Doc. 1 at 12].

The Plaintiff names as Defendants the North Carolina Department of Health and Human Services and the Mecklenburg County Health Department – Vital Records.  He seeks to challenge his 1980 birth certificate because it misidentifies him as "Black," a label which he contends has "denationalized" him and caused "Post-Traumatic Slave Disorder."  [Id. at 5].  He seeks $10 million compensatory damages, $1 million punitive damages, and injunctive relief, *i.e.*, to be recognized as a Moorish American citizen of Cherokee descent.  [Id.].

---

[2] This information was gleaned from the North Carolina Department of Public Safety's website.  See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0700738&searchLastName=brown&searchFirstName=eddricco&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 26, 2021); Fed. R. Evid. 201 (addressing judicial notice).

[3] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

## II. DISCUSSION

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis* (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

The Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Brown-Bey v. North Carolina, 5:17-ct-3253-D, 2019 WL 165697 (E.D.N.C. Jan. 9, 2019) (§ 1983 action dismissed for failure to state a claim); Brown-Bey v. Hooks, 3:18-cv-460-FDW, 2018 WL 4620617 (W.D.N.C. Sept. 26, 2018) (§ 1983 action dismissed as frivolous); Brown-Bey v. Hooks, 1:18-cv-15-FDW, 2018 WL 576309 (W.D.N.C. Jan. 26, 2018) (same). See also Brown-Bey v. North Carolina, 3:19-cv-188-FDW, 2019 WL 6717045 (W.D.N.C. Dec. 10, 2019) (§ 1983 action dismissed pursuant to § 1915(g)).

The Plaintiff's present claims relate to his 1980 birth certificate;[4] he does not appear to argue that he is in imminent danger of physical harm. The Plaintiff has filed at least three prior civil actions that count as strikes; he has not prepaid the filing fee; and he has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not proceed *in forma pauperis* pursuant to § 1915(g), and the Court will dismiss the Complaint without prejudice.[5] The Order granting the Plaintiff leave to proceed *in forma pauperis* will be vacated.

---

[4] He claims to have discovered his injuries from a 2005 book addressing Post-Traumatic Slave Syndrome.

[5] Even if the Complaint were not barred by the three-strikes provision of § 1915(g), the Court would dismiss it because it is frivolous and, on the face of the Complaint, it is barred by the three-year statute of limitations.

## III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and the Order granting the Plaintiff leave to proceed *in forma pauperis* will be vacated.

**IT IS, THEREFORE, ORDERED** that:

(1) The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 8] is **VACATED**;

(2) The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5] is **DENIED**; and

(3) The Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and the Clerk is respectfully instructed to mail a copy of this Order to the Bertie Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated.

The Clerk of Court is instructed to add the Plaintiff to the Filer Status Report in CM-ECF and close this case.

**IT IS SO ORDERED.**

Signed: October 28, 2021

Martin Reidinger
Chief United States District Judge